IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FRANKIE SANCHEZ, #28910-037          *
        Petitioner,
v.                                   *         Civil No. WDQ-13-0888
                                               Criminal No. WDQ-92-0301
UNITED STATES OF AMERICA             *
        Respondent.
                            ****

MEMORANDUM OPINION

On June 14, 1993, Petitioner Frankie Sanchez was sentenced to two concurrent life terms and one concurrent 40-year term following a conviction for conspiracy to distribute and possess with intent to distribute heroin and fentanyl, in violation of 21 U.S.C. §§ 846 and 841. Sanchez noted an appeal, which was denied. *See United States v. Ortiz*, 52 F.3d 323 (4th Cir. 1995) (per curiam).

Petitioner filed his first motion to vacate on April 13, 2007. ECF No. 598. The motion was denied as time-barred on October 4, 2007. ECF Nos. 604, 605. He filed a notice of appeal on October 15, 2007. ECF No. 607. The U.S. Court of Appeals for the Fourth Circuit dismissed the appeal and denied a certificate of appealability on April 17, 2008. *See United States v. Sanchez*, 274 F. App'x 265, 266 (4th Cir. 2008) (per curiam). On June 15, 2011, petitioner filed his second motion to vacate. ECF No. 635. The motion was dismissed without prejudice as successive on September 30, 2011. ECF Nos. 640, 641. On January 26, 2012, however, the Court granted petitioner's motion for reconsideration and vacated the dismissal order due to the Court's earlier failure to provide petitioner notice of its recharacterization of his first motion to vacate under *Castro v. United States*, 540 U.S. 365, 383 (2003); *see also United States v. Blackstock*, 513 F.3d 128, 132-35 (4th Cir. 2008). The Court nonetheless dismissed the second motion to vacate as time-barred on that same date. ECF Nos. 644, 645. On June 19, 2012, the Fourth Circuit dismissed the appeal and

denied a certificate of appealability. *United States v. Sanchez*, 474 F. App'x 185 (4th Cir. 2012) (per curiam).

On March 22, 2013, the Court received for filing petitioner's motion to vacate, dated March 11, 2013. ECF No. 655. The motion was accompanied by an indigency motion. ECF No. 656. The motion is undoubtedly a successive § 2255 challenge to petitioner's conviction, and may not be considered absent leave to do so from the Fourth Circuit. *See* 28 U.S.C. §§ 2244(b)(3)(A), 2255; *In re Avery W. Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc). Specifically, under 28 U.S.C. § 2255(h):

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

There is no showing the petitioner has filed for and received certification from the Fourth Circuit. Thus, this Court may not consider the merits of his claim.

The Fourth Circuit has set forth instructions for filing a motion to obtain an authorization order. The procedural requirements and deadlines for filing the motion are extensive. The Court will direct the Clerk of the Court to provide petitioner a packet of Fourth Circuit instructions, which address the comprehensive procedure to be followed should the petitioner seek authorization to file a successive petition. It is emphasized that the petitioner must file his pleading with the Fourth Circuit and obtain authorization to file his successive petition before this Court may examine his claims.

Petitioner has no absolute entitlement to appeal the denial of his § 2255 motion. *See* 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only if the applicant has made a

substantial showing of the denial of a constitutional right. *Id.* § 2253(c)(2). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke,* 542 U.S. 274, 282 (2004) (*quoting Slack v. McDaniel,* 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (*quoting Barefoot v. Estelle,* 463 U.S. 880, 893 n.4 (1983)). The Court declines to issue a certificate of appealability because petitioner has not made the requisite showing. A separate Order follows.

Date: April 4, 2013

William D. Quarles, Jr.
United States District Judge